UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

DESIGN BASICS, LLC,

    Plaintiff,

    v.

CLAYTON HOMES OF LAFAYETTE, INC.,

    Defendant.

CAUSE NO.: 4:18-CV-95-TLS

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's, Design Basics, LLC, Motion for Entry of Default Judgment against Defendant [ECF No. 14] pursuant to Federal Rule of Civil Procedure 55(b)(2).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *Am. Acceptance Co., LLC v. Goldberg*, No. 2:08-CV-9, 2008 WL 838813, at *2 (N.D. Ind. Mar. 28, 2008). In the Seventh Circuit, "well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). If a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (alterations in original) (quoting *Breuer Elec. Mfg. Co. v.*

*Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993).

The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proved. *Gard v. B & T Fin. Servs., LLC*, No. 2:12-CV-005, 2013 WL 228816, at *2 (N.D. Ind. Jan. 22, 2013) (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)). Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Rule 55(b)(2) authorizes a court to "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of actual damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D).

## ANALYSIS

The Plaintiff's nine-count Complaint [ECF No. 1], filed on November 30, 2018, alleges that the Defendant violated the Plaintiff's copyrights in violation of 17 U.S.C. § 106(1)–(2), (5) and 17 U.S.C § 1202 *et seq*. of the Digital Millennium Copyright Act ("DMCA"). The Plaintiff seeks various forms of relief, including actual damages, direct and indirect profits attributable to the Defendant's infringements, or in the alternative, an award of statutory damages in lieu of actual damages, attorney's fees and costs, temporary and permanent injunctions against the Defendant, and an award of statutory damages for each violation of the DMCA.

Pursuant to the requirements of Rule 55, the Plaintiff filed a Motion for Clerks Entry of Default [ECF No. 12], which the Clerk entered on March 7, 2019 [ECF No. 13]. The Plaintiff now seeks an entry of default judgment. Within the Seventh Circuit, judgment by default may not be entered without a hearing unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.3d at 1323. The Seventh Circuit permits "broad latitude" in quantifying damages, "especially when the defendant's own conduct impedes quantification." *BCS Servs.*, *Inc. v. Heartwood 88, LLC* 637 F.3d 750, 759 (7th Cir. 2011). Further, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Id.*, (citing *Dundee Cement Co.*, 722 F.2d at 1324). The amount of damages sought, must also "naturally flow from the injuries pleaded." *Wehrs*, 688 F.3d at 893.

The Plaintiff has presented neither documentary evidence nor detailed affidavits in support of its Motion for Entry of Default Judgment. As such, a hearing is appropriate. The Court now REFERS the Plaintiffs' Motion for Default Judgment to Magistrate Judge Susan L. Collins for review, to conduct any and all necessary evidentiary hearings, and to issue a report and recommendation that includes proposed findings of fact and recommendations for the disposition of the Plaintiff's Motions. The Honorable Susan L. Collins is specifically designated to exercise such jurisdiction of this Court in accordance with the Federal Magistrate's Act, as amended, 28 U.S.C. § 636(b)(1)(B), and N.D. Ind. Local Rule 72-1.

The district court will make a final determination after the parties have been given an opportunity to file objections to the proposed findings and recommendation in accordance with 28 U.S.C. § 636(b)(1).

## CONCLUSION

Therefore, the Court WITHHOLDS its ruling on the Plaintiff's Motion for Default Judgment [ECF No. 14] and REFERS the Plaintiff's Motion for Default Judgment to Magistrate Judge Susan L. Collins.

SO ORDERED on July 25, 2019.

                                                  s/ Theresa L. Springmann  
                                                CHIEF JUDGE THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT